DLA PIPER US LLP
JEFFREY HAMERLING (State Bar No. 91532)
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
jeffrey.hamerling@dlapiper.com
Phone: 415.836.2500
Fax: 415.836.2501

DLA PIPER US LLP
NORMAN M. LEON *(to be admitted pro hac vice)*
JOHN A. HUGHES *(to be admitted pro hac vice)*
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
Phone: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
CALIFORNIA CLOSET COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CV 08 0625  SI

| | |
|---|---|
| CALIFORNIA CLOSET COMPANY, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> J. MARK EBBEN, an individual, and EBBEN ENTERPRISES, INC., a Wisconsin corporation, <br><br> Defendant. | CASE NO. _____ <br><br> **COMPLAINT FOR:** <br><br> (1) **SPECIFIC PERFORMANCE** <br><br> (2) **BREACH OF CONTRACT** <br><br> (3) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** <br><br> (4) **UNFAIR COMPETITION; FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** <br><br> (5) **STATE STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17220)** <br><br> (6) **STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> (7) **STATE COMMON LAW AND STATUTORY DILUTION (Cal. Bus. & Prof. Code § 14330)** <br><br> (8) **ACCOUNTING** |

California Closet Company, Inc. ("CCC"), by its attorneys, as and for its Complaint against Defendants J. Mark Ebben and Ebben Enterprises, Inc., states as follows:

## NATURE OF THE ACTION

1. This is an action for specific performance, breach of contract, trademark infringement under the trademark laws of the United States, and for unfair competition. CCC seeks, among other things, an order directing Defendants to comply with the express terms of the written Franchise Agreement, including, but not limited to, their obligation to permit a full audit of their financial books and records. CCC also seeks an order enjoining Defendants' wrongful and unlawful use of CCC's federally registered trademarks, damages for Defendants' infringing and other wrongful conduct, and the attorneys' fees and costs CCC has incurred and will incur in prosecuting this action, as provided by statute and the parties' written Franchise Agreement.

## THE PARTIES

2. CCC is a California corporation with its principal place of business in San Rafael, California. CCC is the owner and franchisor of unique operating systems for the operation of franchised businesses specializing in the design, marketing, construction, and installation of customized residential and commercial storage spaces, and is the owner of the "California Closets" and other famous names and marks.

3. Defendant J. Mark Ebben ("Ebben") is a franchisee of CCC who operates a franchised California Closets business in Appleton, Wisconsin. CCC is informed and believes that Ebben is a resident of Wisconsin.

4. Defendant Ebben Enterprises, Inc. ("EEI") is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin. EEI is the operating entity under which Ebben operates his franchised California Closets business in Appleton, Wisconsin.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338 and 1367, in that this is a civil action involving citizens of different states (California and Wisconsin) and the amount in controversy exceeds $75,000 and concern claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Assignment to the San Francisco Division of the United States District Court for the Northern District of California is proper pursuant to Local Rule 3-2(c) because a substantial part of the events or omissions giving rise to CCC's claims occurred within this Division.

## THE CALIFORNIA CLOSETS MARKS

8. To identify the source, origin and sponsorship of its brand of residential and commercial storage products and services, and to distinguish those products and services from those established, made, offered and sold by others, CCC has extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to the California Closets® and Simplify Your Life® marks (the "CCC Marks").

9. The CCC Marks are registered on the Principal Register of the United States Patent Office. The registration of the CCC Marks continues in full force and effect.

10. CCC has given notice to the public of the registration of the CCC Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it remains the exclusive owner and user of the CCC Marks.

11. CCC has continuously used the CCC Marks in interstate commerce in connection with the promotion, sale and franchising of authorized California Closets businesses, and the promotion and sale of the products and services they offer throughout the United States, since the date of the Marks' registrations.

12. CCC has the exclusive right to use and to license the use of the CCC Marks and derivations thereof, as well as the unique and uniform system with which authorized California Closets franchisees offer products and services to the public under the CCC Marks. Pursuant to written franchise agreements entered into by and between CCC and its authorized and approved franchisees, CCC grants franchises to qualified persons to own and operate California Closets businesses using the CCC Marks and CCC's uniform business systems, but only in such manner and at such locations as are expressly authorized by CCC.

13. CCC and its authorized franchisees use the CCC Marks as the marks and trade identity by which the products and services offered by CCC and its franchisees are distinguished from other, competing products and services.

14. CCC and its authorized franchisees have extensively advertised and promoted California Closets businesses and the products and services they offer under the CCC Marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products offered by CCC and its franchisees under the CCC Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

## THE PARTIES' FRANCHISE AGREEMENT

15. On or about May 13, 1987, CCC, as franchisor, and James Damrau and Sally Damrau, as franchisees, entered into a written franchise agreement (the "Franchise Agreement"), pursuant to which CCC granted the Damraus a franchise to operate a California Closets business

within a specified territory in Appleton, Wisconsin, together with a limited license to use the CCC Marks in connection therewith. (A true and correct copy of the Franchise Agreement is annexed hereto as Exhibit A and incorporated herein by reference.)

16. On or about April 20, 1990, the Damraus (individually and as officers of their operating entity, Chain O Lakes Express, Inc.) and Ebben entered into an Assignment Agreement/Sale of Franchise whereby the Damraus assigned their rights and obligations under the Franchise Agreement to Ebben. (A true and correct copy of the Assignment Agreement/Sale of Franchise is annexed hereto as Exhibit B and incorporated herein by reference.)

17. Ebben formed EEI in or around December 1992 to be the operating entity for his California Closets franchised business.

18. The Franchise Agreement was renewed in 2000, and is not set to expire until May 7, 2010.

19. Under the Franchise Agreement, Defendants agreed to pay CCC a monthly royalty in an amount equal to ten percent (10%) of their monthly gross receipts, and to submit together therewith monthly reports of gross revenues. Defendants likewise agreed to maintain their books and records in such a manner as to clearly and accurately reflect their gross revenue, and to maintain all such books and records for a period not less than five (5) years.

20. The parties also agreed in the Franchise Agreement that CCC could visit Defendants' business for the purpose of inspecting the merchandise and equipment on hand, inspecting the nature and quality of goods sold and services rendered, observing Defendants' manner and method of operating the shop, and examining and auditing Defendants' books and records. To that end, the parties further agreed that CCC shall be entitled at any time to have Defendants' books and records examined or audited at CCC's expense, and Defendants, in turn, agreed to cooperate fully with the party or parties making such examination or audit on CCC's

behalf.

21. Defendants agreed in the Franchise Agreement to only use the CCC Marks in connection with the conduct of the franchised business in the manner and only for the purposes specified in the Franchise Agreement, and also agreed to not use the CCC Marks in connection with the sale of any unauthorized product or service or in any manner not explicitly authorized in writing by CCC.

22. Furthermore, Defendants agreed to advertise and promote their business under the designation "California Closet Company," and to not use any mark or name other than the "California Closet Company" name in connection with the conduct of their franchised business.

23. Defendants likewise agreed that they would, at all times, devote their full time and effort to the active management and operation of their franchised California Closets business.

24. Defendants acknowledged in the Franchise Agreement that the design and appearance of both the exterior and interior of the shop building are part of CCC's indicia, that it is essential to the integrity of such indicia that a great degree of uniformity be maintained among the various show premises of CCC's franchisees, and that Defendants would make no change, addition, or alteration of any kind to the structural elements of the shop building or to the adjacent areas without CCC's prior written consent.

25. CCC has at all times fully performed all of its obligations under the Franchise Agreement, which provides that it, and all matters relating to its validity, construction, performance, and enforcement, shall be governed by California law.

## DEFENDANT'S "CLOSET WORKS" BUSINESS

26. Defendants are operating a competitive business named "Closet Works" at the very same location as their authorized California Closets franchised business.

27. Defendants are using the CCC Marks in connection with the operation of their "Closet Works" business. In particular, Defendants are using the CCC Marks to attract customers to their franchised California Closets business, and are then selling those customers Closet Works' competitive products and services in an attempt to avoid paying royalty fees on the sales of those products and services to CCC.

28. One such competitive product Defendants are selling through their "Closet Works" business is wire shelving manufactured by Rubbermaid. In addition to displaying the "Closet Works" logo on Defendants' California Closets work vans, Defendants are also displaying the Rubbermaid logo on their California Closets work vans, thereby wrongfully associating the CCC Marks with Rubbermaid.

## DEFENDANTS REFUSE TO ALLOW CCC TO PERFORM A FULL AUDIT

29. In November 2007, CCC invoked its express right under the Franchise Agreement to perform a full audit of Defendants' financial books and records.

30. Notwithstanding their express obligation under the Franchise Agreement to allow CCC to perform a full audit of Defendants' financial books and records, Defendants have refused to allow CCC to audit the books and records of their Closet Works business.

## FIRST CLAIM FOR RELIEF
### Specific Performance

31. CCC repeats and realleges paragraphs 1 through 30 of its Complaint as and for this paragraph 31, as if fully set forth herein.

32. The Franchise Agreement is a valid, binding, and enforceable contract, and CCC has complied with all of the terms of that agreement.

33. The Franchise Agreement makes clear that CCC has the right at any time to have Defendants' financial books and records examined or audited at CCC's expense.

34. Defendants, in turn, agreed to cooperate fully with the party or parties making such examination or audit on CCC's behalf.

35. Defendants have not complied with their obligations.

36. CCC has no adequate remedy at law for Defendants' breaches of their obligations under the Franchise Agreement.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

37. CCC repeats and realleges paragraphs 1 through 36 of its Complaint as and for this paragraph 37, as if fully set forth herein.

38. Defendants have failed and refused to perform their obligations under the Franchise Agreement including, but not limited to, their obligations to (i) only use the CCC Marks in connection with the operation of their franchised business as specified in the Franchise Agreement; (ii) not use any mark or name other than the CCC Marks in connection with the operation of the franchised business, and (iii) devote their full time and effort to the active management and operation of their franchised California Closets business.

39. As a direct and proximate result of Defendants' breaches of contract, CCC has been irreparably injured, including injury to its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

40. In addition to the irreparable injury which CCC is suffering as a result of Defendants' misconduct and contractual breaches, CCC has sustained monetary damages as a direct and proximate result of Defendants' failure and refusal to comply with their contractual obligations. These damages include, without limitation, the royalty fees that CCC should have earned on the unlawful sales that Defendants have directed to their Closet Works business.

### THIRD CLAIM FOR RELIEF
### Lanham Act – Trademark Infringement

41. CCC repeats and realleges paragraphs 1 through 40 of its Complaint as and for this paragraph 41, as if fully set forth herein.

42. Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of certain of the CCC Marks, and Defendants' sale, offering for sale, distribution or advertising of certain goods and services under any of the CCC Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1).

43. As a direct and proximate result of Defendants' infringement, CCC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

44. CCC has no adequate remedy at law because the CCC Marks are unique and represent to the public CCC's identity, reputation, and goodwill, such that damages alone cannot fully compensate CCC for Defendants' misconduct.

45. Unless enjoined by the Court, Defendants will continue to use and infringe the CCC Marks, to CCC's irreparable injury. This threat of future injury to CCC's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the CCC Marks and to ameliorate and mitigate CCC's injuries.

### FOURTH CLAIM FOR RELIEF
### Lanham Act – Unfair Competition

46. CCC repeats and realleges paragraphs 1 through 45 of its Complaint as and for this paragraph 46, as if fully set forth herein.

47. Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they

are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C § 1125(a).

48. As a direct and proximate result of Defendants' unfair competition, CCC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

49. CCC has no adequate remedy at law because the CCC Marks are unique and represent to the public CCC's identity, reputation, and goodwill, such that damages alone cannot fully compensate CCC for Defendants' misconduct.

50. Unless enjoined by the Court, Defendants will continue to compete unfairly with CCC, to CCC's irreparable injury. This threat of future injury to CCC's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued unfair competition, and to ameliorate and mitigate CCC's injuries.

### FIFTH CLAIM FOR RELIEF
### State Statutory Unfair Competition
### (Cal. Bus. & Prof. Code § 17200)

51. CCC repeats and realleges paragraphs 1 through 50 of its Complaint as and for this paragraph 51, as if fully set forth herein.

52. Defendants' use of the CCC Marks in connection with the operation of their "Closet Works" business constitutes state unfair competition in violation of Cal. Bus. & Prof. Code § 17200, as such acts are likely to deceive customers and prospective customers into believing that Defendants' products and services are those of CCC.

53. Defendants' actions are likely to cause confusion or mistake among the public as to the true origin and sponsorship of Defendants' products and services and to confuse the public

into believing that Defendants' products and services have the approval of CCC and/or that those products and services have been passed off as those of CCC in violation of Cal. Bus. & Prof. Code § 17200.

54. CCC has no control over the nature and quality of the products and services Defendants offer through their "Closet Works" business. Customers, believing CCC to be the source of such products and services, are likely to blame CCC for any failure, neglect or default of Defendants in providing quality products and services, hampering efforts by CCC to continue to protect its outstanding reputation for providing high quality products and services. Defendants' wrongful conduct is likely to deceive the consuming public and to result in a loss of sales for CCC, all to the irreparable harm of CCC and the public.

55. Unless enjoined by this Court from so doing, Defendants will continue their conduct of passing off and engaging in acts of unfair competition, to the irreparable damage and injury of CCC.

56. CCC is informed and believes and on that basis alleges that Defendants have derived unlawful gains and profits from their acts of unfair competition, as alleged above, and has caused loss, injury and damage to CCC, its goodwill, and the CCC Marks, in an amount as yet unknown but to be proven at trial.

### SIXTH CLAIM FOR RELIEF
**Trademark Infringement and Unfair Competition  
Under California State Common Law**

57. CCC repeats and realleges paragraphs 1 through 56 of its Complaint as and for this paragraph 57, as if fully set forth herein.

58. CCC owns and enjoys common law rights in California and elsewhere in the United States in and to the CCC Marks.

59. Defendants have traded upon and misappropriated the reputation and valuable goodwill of the CCC Marks in California and elsewhere in the United States, and acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the source of Defendants' products and services. Defendants' acts are likely to lead the public to believe mistakenly that Defendants' products and services are in some way associated with, or sponsored by CCC, to the detriment of CCC. Defendants' activities constitute unfair competition, misappropriation of CCC's goodwill, and palming off.

60. Unless enjoined by this Court from so doing, Defendants will continue their conduct of passing off and engaging in acts of infringement and unfair competition, to the irreparable damage and injury of CCC.

61. CCC is informed and believes and on that basis alleges that Defendants have derived unlawful gains and profits from its unlawful acts, as alleged above, and has caused loss, injury and damage to CCC, its goodwill, and the CCC Marks, in an amount as yet unknown but to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
### Statutory State Trademark Dilution
### (Cal. Bus. & Prof. Code § 14330)

62. CCC repeats and realleges paragraphs 1 through 61 of its Complaint as and for this paragraph 62, as if fully set forth herein.

63. CCC owns and enjoys federally registered, state and common law trademark rights in California and elsewhere in the United States in and to the CCC Marks. Such marks are distinctive and widely recognized in the United States generally, and California specifically.

64. Defendants' conduct, including its use of the CCC Marks, dilutes, blurs and tarnishes the distinctive quality of the CCC Marks, causing a likelihood of injury to CCC's

business reputation and dilution of the CCC Marks under California Business and Professions Code § 14330.

65. Unless enjoined by this Court from so doing, Defendants will continue their conduct of infringement, dilution, passing off and engaging in acts of unfair competition, to the irreparable damage and injury to the business reputation of CCC and the effectiveness of CCC's rights in and to the CCC Marks.

### EIGHTH CLAIM FOR RELIEF
### Accounting

66. CCC repeats and realleges paragraphs 1 through 65 of its Complaint as and for this paragraph 66, as if fully set forth herein.

67. CCC is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

68. CCC is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringements.

69. The amount of money due from Defendants to CCC is unknown to CCC and cannot be ascertained without a detailed accounting by Defendants of the precise revenues received under the CCC Marks.

### PRAYER FOR RELIEF

**WHEREFORE**, CCC respectfully prays for the following relief against Defendants:

A. A preliminary and permanent injunction enjoining Defendants, their agents, servants, and employees, and those people in active concert or participation with them, from:

1. Using any of the CCC Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the CCC Marks in connection with the operation of Defendants' Closet Works business;

2. Otherwise infringing any of the CCC Marks or using any similar designation, alone or in combination with any other components, in a manner not expressly authorized by the Franchise Agreement;

3. Passing off any of the products and services offered by Closet Works as those of CCC or CCC's authorized franchisees;

4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendants' Closet Works business or the products and services that business offers;

5. Causing a likelihood of confusion or misunderstanding as to Defendants' Closet Works business' affiliation, connection, or association with CCC or its franchisees or any of CCC's products or services; and

6. Unfairly competing with CCC or its franchises, in any manner;

B. That Defendants be ordered to immediately allow CCC to perform a full audit of Defendants' financial books and records including, but not limited to, the books and records of Defendants' Closet Works business;

C. That Defendants be required to file with the Court and to serve upon CCC's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

D. That Defendants account and pay over to CCC all gains, profits, and advantages derived by them as a result of their infringement of the CCC Marks and breaches of contract to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and by the controlling principles of common law;

E.  That Defendants pay to CCC such damages as CCC has sustained by reason of Defendants' trademark infringement and breaches of contract;

F.  An award of the costs and expenses, including reasonable attorneys' fees, incurred by CCC in connection with this action as provided for by statute and the parties' Franchise Agreement; and

G.  Such other and further relief as the Court deems just and proper.

Dated: January 25, 2008

DLA PIPER US LLP

By _____
Jeffrey Hamerling
Attorney for Plaintiff
CALIFORNIA CLOSET COMPANY, INC.

DLA Piper US LLP
San Francisco

CHGO1\31139746.2

-15-

COMPLAINT