1   Robert C. Holtzapple (State Bar No. 145954)
    Farella Braun & Martel LLP
2   235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
3   Telephone:  (415) 954-4400
    email:  bholtzapple@fbm.com
4
    Andrew Wagener (to be admitted *pro hac vice*)
5   Bollenbeck, Wagener, Spaude & Fyfe, S.C.
    W6260 Communication Court
6   Appleton,  WI 54914
    Telephone:  (920) 735-1711
7   Facsimile:  (920) 735-1710
    email:  awagener@bwsf.biz
8
    Attorneys for Defendants
9   J. MARK EBBEN and
    EBBEN ENTERPRISES, INC.
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15   CALIFORNIA CLOSET COMPANY,          Civil Case No. C 08-0625 SI
     INC., a California corporation,
16                                        **DEFENDANTS' NOTICE OF MOTION
                    Plaintiff,            AND MOTION TO DISMISS FOR LACK
17                                        OF PERSONAL JURISDICTION, DISMISS
          vs.                             FOR IMPROPER VENUE UNDER §1391 or
18                                        in the alternative TRANSFER VENUE FOR
     J. MARK EBBEN, an individual; and    FORUM NON-CONVENIENS UNDER 28
19   EBBEN ENTERPRISES, INC., a           U.S.C. §1404(a); MEMORANDUM OF
     Wisconsin corporation,               POINTS AND AUTHORITIES IN
20                                        SUPPORT THEREOF**
                    Defendants.
21                                        Date:        April 18, 2008
                                          Time:        9:00 a.m.
22                                        Dept:        Courtroom 10
                                          Judge:       Hon. Susan Illston
23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                              23014\1463893.1

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF, CALIFORNIA CLOSET COMPANY, INC.

PLEASE TAKE NOTICE that Defendants, J. Mark Ebben and Ebben Enterprises, Inc. (Defendants), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, moves to dismiss this action for lack of personal jurisdiction over them and pursuant to Rule 12 (b)(3) of the Federal Rules of Civil Procedure, moves to dismiss this action for improper venue, or, alternatively, to transfer this action to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). This motion will be heard on April 18, 2008, at 9:00 a.m or as soon thereafter as the matter can be heard.

This motion is further based on the accompanying memorandum of points and authorities, supporting declarations, all pleadings, exhibits and papers on file in this action and any other matters properly before the Court.

Dated:  March 3, 2008                          FARELLA BRAUN & MARTEL LLP


By:_____/s/ Robert C. Holtzapple_____
         Robert C. Holtzapple

Attorneys for Defendants
J. MARK EBBEN and EBBEN
ENTERPRISES, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                - i -                                23014\1463893.1

1

## TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

4    II.    STATEMENT OF ISSUES TO BE DECIDED ................................................. 2

5    III.    STATEMENT OF FACTS ................................................. 2

6    IV.    ARGUMENT ................................................. 3

7         A.    Lack of Personal Jurisdiction Over Defendants ................................................. 3

8              1.    General Jurisdiction ................................................. 4

9              2.    Specific Jurisdiction ................................................. 5

10                  a.    Degree of Interjection ................................................. 6

11                  b.    Defendant's Burden of Litigating ................................................. 7

12                  c.    Remaining Factors ................................................. 7

13         B.    In the Alternative, This Case Should be Dismissed for Improper Venue ............... 8

14         C.    Alternatively, This Case Should Be Transferred For Forum Non-
               Conveniens ................................................. 8

15    V.    CONCLUSION ................................................. 10

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                    - i -                                        23014\1463893.1

1

# TABLE OF AUTHORITIES

2

Page

3

## FEDERAL CASES

4

*Alpine View Co. v. Atlas Copco AB*,
    205 F.3d 208, 221 (5th Cir. 2000) .................................................................................. 10

5

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995) ...................................................................................... 5

6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S. Ct. 2174 (1985) .................................................................. 3, 5, 6

7

8

*Caruth v. International Psychoanalytical Association*,
    59 F.3d 126 (9th Cir. 1995) ........................................................................................ 7

9

*Core-Vent Corp. v. Nobel Industries AB*,
    11 F.3d 1482 (9th Cir. 1993) ................................................................................ 4, 6, 7

10

11

*First of Mich. Corp v. Bramlet*,
    141 F.3d 260 (6th Cir. 1998) ...................................................................................... 8

12

*Gordy v. Daily News, L.P.*,
    95 F.3d 829 (9th Cir. 1996) ........................................................................................ 4

13

14

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984) ................................................................................................... 4

15

*Insurance Company of North America v. Marina Salina Cruz*,
    649 F.2d 1266 (9th Cir. 1981) .................................................................................... 6

16

17

*International Shoe Co. v.  Washington*,
    326 U.S. 310, 66 S. Ct. 154 (1945) ........................................................................ 3, 6

18

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ................................................................................ 2, 8, 9

19

20

*Omeluk v. Lansten Slip & Batbyggeri A/S*,
    52 F.3d 267 (9th Cir. 1995) ........................................................................................ 5

21

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 102 S. Ct. 252 (1981) ........................................................................ 10

22

23

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ...................................................................................... 7

24

*Uffner v. La Reunion Francaise*,
    244 F.3d 38 (1st Cir. 2001) ........................................................................................ 8

25

26

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 100 S. Ct. 559 (1980) ...................................................................... 3, 4

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI
- ii -
23014\1463893.1

**STATE CASES**

*J. M. Sahlein Music Co. v. Nippon Gakki Co.*,
    197 Cal. App. 3d 539 (1987)..................................................................................................... 4

**FEDERAL STATUTES**

28 U.S.C. § 1391 ........................................................................................................................ 1, 8

28 U.S.C. § 1404(a) ................................................................................................................. passim

28 U.S.C. §§ 1331, 1332, 1338 ....................................................................................................... 1

**STATE STATUTES**

Cal. Code Civ. Proc. § 410.10....................................................................................................... 4

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI
- iii -
23014\1463893.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

    Defendants J. Mark Ebben and Ebben Enterprises, Inc. respectfully request that this Court

3

dismiss this action due to a lack of personal jurisdiction and/or improper venue, or in the

4

alternative, transfer this action to the United States District Court for the Easter District of

5

Wisconsin under 28 U.S.C. § 1404(a).

6

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

7

    This action involves the alleged breach of a franchise agreement, trademark infringement

8

and unfair competition under the Lanham Act, as well as unfair competition, trademark

9

infringement and dilution under California statutory and common law.  Plaintiff pleads

10

jurisdiction under 28 USC sections 1331, 1332, 1338 and 1367 and argues that venue is proper in

11

the Northern District of California pursuant to 28 USC § 1391 because substantial parts of the

12

events or omissions that have given rise to the claims occurred in the judicial district of Northern

13

California.

14

    Defendants urge that the action should be dismissed for lack of personal jurisdiction,

15

improper venue or, in the alternative, transferred for forum non conveniens.  This action should

16

be dismissed for either lack of personal jurisdiction or improper venue because both Defendants

17

do not have sufficient minimum contacts with and do not target California in any purposeful way

18

that would be sufficient to establish minimum contacts for general jurisdiction or any type of

19

substantial interjection for specific jurisdiction.  Defendant Ebben does not live in California, but

20

rather lives in Appleton, Wisconsin.  Mr. Ebben does not own any real estate in California and

21

did not negotiate or have discussions with the plaintiff in California.  In fact, Mr. Ebben has not

22

visited California in over 10 years. Likewise, Defendant Ebben Enterprises is located in

23

Appleton, Wisconsin and manufactures closets for residential homes in Wisconsin or Upper

24

Michigan and; Ebben Enterprises does not target any other territories anywhere in the United

25

States.  Specific personal jurisdiction is also lacking because the defendants have not purposefully

26

directed any affirmative acts towards California. Therefore, this Court does not have personal

27

jurisdiction and should dismiss Mr. Ebben and Ebben Enterprises, Inc. from this action.  Also,

28

since personal jurisdiction cannot be established, then it is also likely that venue is improper for

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI    - 1 -    23014\1463893.1

Defendants' lack of ties to the forum state and lack of contact to California. The alternative is to transfer venue to Wisconsin because when applying the *Jones* factors[1] and on balance, the more convenient forum for both Plaintiff and Defendants is the Eastern District of Wisconsin.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Given that neither Defendant lives, works, or owns property in California, and given that Plaintiff's Complaint challenges only conduct that allegedly occurred in Wisconsin, must Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction?

2.    In the alternative, and given that none of the conduct challenged by Plaintiff occurred in the Northern District of California, must Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(30 for improper venue?

3.    In the alternative, and given that both Defendants live and work in Wisconsin and that all of the material witnesses reside in Wisconsin, should Plaintiff's Complaint be transferred to the Eastern District of Wisconsin under 28 USC section 1404(a)?

## III.    STATEMENT OF FACTS

Defendants were assigned a Franchise Agreement from Chain O Lakes Express, Inc., James W. Damrau and Sally Damrau on April 26, 1990 and Plaintiff consented to that assignment on April 20, 1990 (Ebben Declaration ¶ 2). Plaintiff has filed this lawsuit alleging that Defendants have breached that contract, infringed on trademark rights and engaged in unfair competition with the Plaintiff. Defendants reside and conduct all of their business in the State of Wisconsin and/or Upper Michigan. (Ebben Declaration ¶¶ 1 & 3).

Defendants do not have systematic and continuous contacts with California (Ebben Declaration ¶ 4). The complaint fails to plead any specific facts that establish personal jurisdiction and in fact, acknowledges in paragraphs 3 and 4 of the Complaint that both defendants are residents of Appleton, Wisconsin. Additional paragraphs 26, 27 and 28 in the Complaint again make reference to alleged conduct that occurred in Appleton, Wisconsin. There

---

[1] *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                    - 2 -                    23014\1463893.1

1    is not a single averment that mentions any activity that occurred in California, or more

2    specifically, the Northern District of California.

3         Mr. Ebben resides in Appleton, Wisconsin and Ebben Enterprises, Inc. is also located in

4    Appleton, Wisconsin and was incorporated in Wisconsin pursuant to Wisconsin state law.

5    (Ebben Declaration ¶¶ 1 & 3).  Neither Mr. Ebben nor Ebben Enterprises, Inc. conduct any form

6    of business in California (Ebben Declaration ¶¶ 3 & 4).  In addition, Mr. Ebben does not:

7            i.     Own any personal property in California (Ebben Declaration ¶ 6).

8            ii.    Lease or own any real property in California (Ebben Declaration ¶ 6).

9            iii.   Have any agents, representatives or employees that reside in California

10                  (Ebben Declaration ¶ 7).

11           iv.   Have a mailing address or telephone listing in California (Ebben

12                  Declaration ¶ 8).

13           v.    Have any business or personal bank accounts in California (Ebben

14                  Declaration ¶ 9).

15           vi.   Generate any revenue from any personal business in California (Ebben

16                  Declaration ¶ 10).

17        Further, Mr. Ebben has not been to California in over 10 years (Ebben Declaration ¶ 5).

18   The Franchise was purchased from sellers who resided in Wisconsin and all documents regarding

19   the franchise agreement were executed by Mr. Ebben in Wisconsin (Ebben Declaration ¶ 2).

20   Lastly, the Franchise Agreement is silent on venue and only provides that California State Law

21   applies as to the enforcement of the agreement, not as to trademark violations.

22   **IV.**   **<u>ARGUMENT</u>**

23        **A.**    **<u>Lack of Personal Jurisdiction Over Defendants</u>**

24        The United States Supreme Court requires a court to have *in personam* jurisdiction before

25   it may impose judgment on a defendant personally and without such *in personam* jurisdiction a

26   court cannot impose a judgment that affects the personal rights of a defendant. *Burger King Corp.*

27   *v. Rudzewicz,* 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen*

28   *Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v.*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI    - 3 -    23014\1463893.1

1   *Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). In this case, there is not a federal

2   personal jurisdiction statute that applies so state law is applicable. *Core-Vent Corp. v. Nobel*

3   *Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute permits a court

4   to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process

5   Clause of the Constitution. Cal. Code Civ. Proc. § 410.10; *Gordy v. Daily News, L.P.*, 95 F.3d

6   829, 831 (9th Cir. 1996).

7       Personal jurisdiction is determined by general jurisdiction or specific jurisdiction. It was

8   in *International Shoe* that the Supreme Court of the United States established the limits of

9   personal jurisdiction. In order to have personal jurisdiction a defendant must have minimum

10  contacts with the forum state. The rationale for a minimum contact requirement is that it provides

11  protections against requiring a defendant to litigate in a distant non-convenient forum and it

12  protects states from over reaching their sovereign boundaries. *World Wide Volkswagen, supra at*

13  *291-92.*

14              **1.      General Jurisdiction**

15      A general jurisdiction analysis is based on whether defendant is domiciled in the forum

16  state or his activities are "substantial" or "continuous and systematic" to the forum state.

17  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). In California, a

18  court possesses general jurisdiction over a defendant if the defendant has substantial contacts with

19  the forum state. *J. M. Sahlein Music Co. v. Nippon Gakki Co.,* 197 Cal. App. 3d 539, 542 (1987).

20  In this case, Plaintiff has not alleged any facts that establish general personal jurisdiction because

21  there are none. Defendants do not have any systematic or continuous actions with California.

22  All of the activities underlying Plaintiff's Complaint occurred in Wisconsin. Neither defendant

23  owns or leases real property, owns or leases personal property, holds bank accounts or conducts

24  any other activities that occur in California (Ebben Declaration ¶¶ 6-9). Simply put, neither

25  Defendant has any contacts currently with the forum state that are substantial, continuous or

26  systematic and therefore, the Court does not have general personal jurisdiction over either of

27  them.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI          - 4 -                                    23014\1463893.1

## 2.     Specific Jurisdiction

The Ninth Circuit has applied a three part test to determine whether there is specific personal jurisdiction.  That three part test is as follows:

     i.     The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

     ii.     The claim must be one which arises out of or results from the defendant's forum related activities; and

     iii.     Exercise of jurisdiction must be reasonable.

*Omeluk v. Lansten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir. 1995).

The first part of the test ensures that a defendant will not be hauled into court based on "random, fortuitous or attenuated" contacts with the forum state.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).  The Ninth Circuit has held that a defendant has purposefully availed himself only when he takes a deliberate or affirmative act towards the forum state.  *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995).  Here, Mr. Ebben has not purposefully availed or directed any activity towards the forum state.  He runs and operates his business in Wisconsin.  "Closet Works" does not operate in any State other then Wisconsin (Ebben Declaration ¶ 4).  Therefore, any potential harm to California Closets' intellectual property is localized to Wisconsin.  The only relationship with Plaintiff is the franchise agreement.  Further, Plaintiff has failed to plead any facts that allege that any contract or trademark violations were purposefully directed at Plaintiff in California; rather Plaintiff alleges only violations of federal or state trademark law that are based on conduct that allegedly occurred in Wisconsin.

The second requirement for specific personal jurisdiction requires that the claim asserted arises out of the defendant's forum related activities.  As previously argued, neither Mr. Ebben nor Ebben Enterprises, Inc. have had any activities within California, so there is no harm directed

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI

- 5 -

23014\1463893.1

1    towards California.  Therefore, the casual connection as required by the second element in the

2    analysis is not met.

3            Personal jurisdiction over Defendants in this case will offend traditional notions of fair

4    play and substantial justice and will be inconsistent with the constitutional requirements of due

5    process.  *See International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158.  For jurisdiction to be

6    reasonable it must meet the requirements of "fair play and substantial justice." *Burger King*, 471

7    U.S. at 476.  When addressing the question of reasonableness, courts typically look at seven

8    factors.

9                    i.      The extent of the defendant's purposeful interjection into the forum;

10                   ii.     The burden on the defendant in defending in the forum;

11                   iii.    The extent of conflict with the sovereignty of the defendant's state;

12                   iv.     The forum state's interest in adjudicating the dispute;

13                   v.      The most efficient judicial resolution of the controversy;

14                   vi.     The importance of the forum to the plaintiff's interest in convenient and

15                           effective relief; and

16                   vii.    The existence of an alternative forum.  *Burger King, 471 U.S. at 476-77.*

17    No one factor is dispositive; a court must balance all seven.  *Core-vent*, 11 F.3d at 1488.

18                           **a.      Degree of Interjection.**

19            "Even if there is a sufficient interjection into the state to satisfy the purposeful availment

20    prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness

21    of jurisdiction under the reasonableness prong." *Core-Vent*, 11 F.3d at 1488 (citing *Insurance*

22    *Company of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981)).  In this

23    case, there is no degree of interjection.  Mr. Ebben did not purposefully intend to attack the

24    trademark in California and any violations or infringement as defined in the allegations are only

25    negligent.  Mr. Ebben and Ebben Enterprises did not direct any activity toward California Closets

26    in California.  Therefore, the degree of interjection is lacking with the forum state of California.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                - 6 -                              23014\1463893.1

1

### b.    Defendant's Burden of Litigating.

2

For Defendants to be unreasonably burdened, there needs to be an "inconvenience [to the

3

defendants that] is so great as to constitute a deprivation of due process" rights. *Caruth v.*

4

*International Psychoanalytical Ass'n,* 59 F.3d 126, 128-129 (9th Cir. 1995) (citing *Roth v. Garcia*

5

*Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). In this case, both Defendants are in Wisconsin and

6

all the financial records, witnesses and other physical evidence are located in Wisconsin (Ebben

7

Declaration ¶¶ 1, 3, 11 & 12). To litigate this case in California will be a burden on the

8

Defendants. The burden is unreasonable because it will require the transportation of witnesses

9

and physical evidence across the country. In essence, Ebben Enterprises, Inc. is a small franchise

10

that is operated by Mr. Ebben, not a large business operation generating substantial amounts of

11

money. To require him to litigate in California is a violation of due process given the fact that he

12

did not purposefully inject himself into California; nor did he agree to a forum selection clause in

13

his franchise agreement. Given the nature of the allegations, there is a potential to have many

14

customers testify as to issues on confusion or whether there is unfair competition in the specific

15

Wisconsin market. To compel these kinds of witnesses to California would be a great cost and

16

expense to Defendants and a significant burden on these witnesses. In addition, the business of

17

Closet Works that Plaintiff refers to in its Complaint is not wholly owned by the Defendant, J.

18

Mark Ebben. The witnesses involved with the business, Closet Works, would also be required to

19

come to California. Further, these witnesses also do not have any contacts with California (Ebben

20

Declaration ¶ 13).

21

### c.    Remaining Factors.

22

When looking at the sovereignty issue, courts look to the extent there is a conflict of laws

23

issue. *Core-Vent,* 11 F.3d at 1489. In this case, the allegations plead federal and California state

24

law which would be recognized by any federal court. Therefore, this is not an issue in this case.

25

In this case the majority of the issues concern Federal Law and California's interest in litigating

26

this is minimal. The practical matter is that a California jury will be listening to events that

27

occurred in Wisconsin. An efficient resolution focuses on the location of the evidence and

28

witnesses. *Caruth* at 59F.3d at 129. In this case, all the evidence and witnesses are located in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI          - 7 -          23014\1463893.1

1    Wisconsin. Therefore, the more efficient resolution for this case is in Wisconsin.  Plaintiff can

2    obtain convenient and effective relief in any forum, including the Eastern District of Wisconsin.

3    Lastly, Wisconsin is an adequate alternative forum to litigate as Plaintiff can obtain a ruling and

4    trial on all of the issues in the Eastern District of Wisconsin.

5        To summarize, the suit could be more efficiently resolved in Wisconsin because the

6    witnesses to this action (excluding Plaintiff) and the evidence in this action are all located in

7    Wisconsin (Ebben Declaration ¶¶ 11 & 12).  Further, Defendants have done nothing to

8    purposefully interject themselves into California or purposefully to cause harm to Plaintiff in

9    California.  Plaintiff can obtain an adequate trial and there is virtually no conflict of law between

10   the forums.  This Court's assumption of jurisdiction over Defendants will violate their due

11   process rights guaranteed under the constitutions of California and the United States.  It would be

12   unfair to force Defendants to defend this action in California

13       **B.    In the Alternative, This Case Should be Dismissed for Improper Venue**

14       Alternatively, Plaintiff's claims should be dismissed because they do not have substantial

15   connection to the Northern District of California.  *See* 28 U.S.C. § 1391 (a)(2); *Uffner v. La*

16   *Reunion Francaise,* 244 F.3d. 38, 42 (1st Cir. 2001); *First of Mich. Corp v. Bramlet,* 141 F.3d

17   260, 263 (6th Cir. 1998).  Plaintiff alleges in paragraph 6 of the Complaint that venue is proper

18   because "a substantial part of the events or omissions giving rise to CCC's claims occurred within

19   this division."  However, as discussed in the argument for lack of personal jurisdiction, there is

20   not a single averment that substantiates this claim.  All averments refer to alleged conduct that

21   occurred in Appleton, Wisconsin.  Defendants do not reside or maintain a place of business in

22   California, the Franchise Agreement, made the basis of this action, was negotiated, entered into

23   and allegedly breached in Wisconsin, and Plaintiff's allegations reveal that everything occurred in

24   Wisconsin.  Accordingly, this case should be dismissed for improper venue.

25       **C.    Alternatively, This Case Should Be Transferred For Forum Non-Conveniens**

26       In the alternative, the case may be transferred to the United States District Court for the

27   Eastern District of Wisconsin under 28 U.S.C. § 1404(a).  In *Jones v. GNC Franchising, Inc.,* 211

28   F.3d 495, 498 (9th Cir. 2000) the Ninth Circuit spells out several factors that are to be considered

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI                - 8 -                                    23014\1463893.1

1    for a transfer to a forum that is more convenient (the *"Jones* Factors"). A court may consider the

2    following factors when making a case-by-case consideration:

3        i.    The location where the relevant agreements where negotiated and

4              executed.

5        ii.   The state that is most familiar with the governing law.

6        iii.  The plaintiff's choice of forum.

7        iv.   The respective parities' contacts with the forum.

8        v.    The contacts with respect to the plaintiff's cause of action in the

9              chosen forum.

10       vi.   The differences with the costs of litigation in the two forums.

11       vii.  The availability of compulsory process to compel attendance of

12             unwilling non-party witnesses.

13       viii. The ease of access to the source of proof.

14       ix.   The presence of a forum selection clause is a significant factor. *Id.*

15       Here, the *Jones* Factors support Defendants' request that the case be transferred to

16   Wisconsin. The purchase of the franchise at issue was negotiated in Wisconsin; Mr. Ebben

17   purchased his franchise from another franchisee in Wisconsin as pointed out in paragraph 15 of

18   the Complaint and detailed in paragraph 2 of Mr. Ebben's Declaration. As already discussed in

19   the personal jurisdiction argument, Mr. Ebben and Ebben Enterprises, Inc. have virtually no

20   contacts with California. It would certainly be more expensive for both parties to litigate in

21   California. In the case of Mr. Ebben and Ebben Enterprises, Inc., they both reside in Appleton,

22   Wisconsin. Any witnesses related to product confusion are also located in Wisconsin as well as

23   other witnesses related to the ownership and financial aspects of "Closet Works". As profitability

24   will become an issue in this case, local accountants and other owners will need to be compelled to

25   testify as witnesses. The physical location of the products is Wisconsin and their differences will

26   need to be demonstrated to a jury. Therefore, a substantial part of the physical evidence is located

27   in Wisconsin. Defendants also note that Plaintiff intends to admit two attorneys from DLA

28   Piper's Chicago office; the distance between the Eastern District of Wisconsin and downtown

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI          - 9 -                          23014\1463893.1

1    Chicago is a little more than an hour by automobile.  On that point, it is even more convenient for

2    Plaintiff to litigate in the Eastern District of Wisconsin.  Finally, the Franchise Agreement does

3    not contain a forum selection clause and is silent to that issue.

4         Plaintiff's chosen forum and the state law on balance are insignificant in this case because,

5    as already discussed, they are looking to hire counsel outside of the state and any witnesses

6    related to patents or trademarks are most likely company employees or hired counsel who will

7    voluntarily travel to any forum to litigate the interests of California Closet.  Lastly, all federal

8    courts routinely interpret state law from various jurisdictions.

9         An alternative forum is available because Wisconsin provides adequate alternatives for

10   resolution of this dispute and Defendants are amenable to process in that forum.  *See Piper*

11   *Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.22, 102 S.Ct. 252, 265 n.22 (1981); *Alpine View Co. v.*

12   *Atlas Copco AB,* 205 F.3d 208, 221 (5th Cir. 2000).  Therefore, on balance in this case, the more

13   convenient forum to litigate this matter is in the Eastern District of Wisconsin.

14        Because Plaintiff's suit can be properly heard in Wisconsin, is more convenient for both

15   parties and private and public interests would be better served if Plaintiff's case were heard in

16   Wisconsin, Defendant's motion to transfer for forum non conveniens should be granted and the

17   case transferred to the Eastern District of Wisconsin as it is the appropriate alternative forum in

18   this case.

19   **V.    CONCLUSION**

20        Defendants are not residents of California.  They do not maintain a place of business in

21   California, and are not amenable to service of process under the law of California.  Thus, this

22   Court's exercise of jurisdiction over them would violate Defendants' due process rights.

23   Accordingly, this Court should dismiss this action for lack of personal jurisdiction over them.

24        This Court should also dismiss this case because Plaintiff's claim does not have a

25   substantial connection to California.  Defendants do not reside in California, do not maintain a

26   place of business in California, the alleged contract made the basis of this action was negotiated,

27   entered into and allegedly breached in Wisconsin, and the Defendants alleged tortuous conduct

28   occurred in Wisconsin.  Accordingly, this case should be dismissed for improper venue, or

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI          - 10 -                     23014\1463893.1

1    alternatively transferred to the United States District Court for the Eastern District of Wisconsin

2    under 28 U.S.C. § 1404(a).

3        WHEREFORE, Defendants pray that this Court dismiss Plaintiff's claims against

4    Defendants under Rule 12(b)(2) or 12(b)(3), or, alternatively, transfer this action to the United

5    States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

6    Dated:  March 3, 2008                    FARELLA BRAUN & MARTEL LLP

7

8                                By:_____/s/ Robert C. Holtzapple_____
                                        Robert C. Holtzapple
9
                                    Attorneys for Defendants
10                                  J. MARK EBBEN and EBBEN
                                    ENTERPRISES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MTN AND MPA RE MTN TO DISMISS
TRANSFER/ Civil Case No. C 08-0625 SI

- 11 -

23014\1463893.1

1   Robert C. Holtzapple (State Bar No. 145954)
2   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 30th Floor
3   San Francisco, CA 94104
    Telephone: (415) 954-4400
4   Email: bholtzapple@fbm.com

5   Andrew Wagener (*to be admitted pro hac vice*)
    BOLLENBECK, WAGENER, SPAUDE &
6       FYFE, S.C.
    W6260 Communication Court
7   Appleton, WI 54914
    Telephone: (920) 735-1711
8   Facsimile: (920) 735-1710
    email: awagener@bwsf.biz

9   Attorneys for Defendants
10  J. MARK EBBEN and
    EBBEN ENTERPRISES, INC.

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16  CALIFORNIA CLOSET COMPANY,          Civil Case No.  C 08-0625 SI
    INC., a California corporation,
17                                       **[PROPOSED] ORDER GRANTING**
                 Plaintiff,              **DEFENDANTS' MOTION TO DISMISS**
18                                       **FOR LACK OF PERSONAL**
          vs.                            **JURISDICTION, DISMISS FOR**
19                                       **IMPROPER VENUE UNDER §1391 or in**
    J. MARK EBBEN, an individual; and    **the alternative TRANSFER VENUE FOR**
20  EBBEN ENTERPRISES, INC., a           **FORUM NON-CONVENIENS UNDER 28**
    Wisconsin corporation,,              **U.S.C. §1404(a)**
21
                 Defendant.              Date:   April 18, 2008
22                                       Time:   9:00 a.m.
                                         Dept:   Courtroom 10
23                                       Judge:  Hon. Susan Illston

24        The Motion of Defendants J. Mark Ebben and Ebben Enterprises, Inc. ("defendants") to

25  Dismiss for Lack of Personal Jurisdiction and for Improper Venue under Rules 12(b)(2) and

26  12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §1391, or in the alternative,

27  Transfer Venue for Forum Non-Conveniens Under 28 U.S.C. § 1404(a) in this matter came for

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER RE MTN TO DISMISS
TRANSFER VENUE / Case No.  C 08-0625 SI                    23014\1463260.1

1    hearing on April 18, 2008.  All parties were represented by counsel.  Having read and considered

2    the papers submitted, and hearing the arguments of counsel, and good cause appearing therefore,

3        **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss for Lack of

4    Personal Jurisdiction and for Improper Venue is GRANTED.

5        Or, in the alternative, **IT IS HEREBY ORDERED THAT** Defendants' Motion to

6    Transfer Venue for Forum Non-Conveniens Under 28 U.S.C.§ 1404(a) is GRANTED and this

7    matter is hereby transferred to the United States District Court for the Eastern District of

8    Wisconsin.

9

10   DATED: _____        _____

11                                                        Honorable Susan Illston

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE MTN TO DISMISS
TRANSFER VENUE / Case No.  C 08-0625 SI          - 2 -                    23014\1463260.1