Andrew Wagener (to be admitted *pro hac vice*)
BOLLENBECK, WAGENER, SPAUDE &
  FYFE, S.C.
W6260 Communication Court
Appleton, WI  54914
Telephone:  (920) 735-1711
Facsimile:  (920) 735-1710
email:  awagener@bwsf.biz

Robert C. Holtzapple (State Bar No. 145954)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
email:  bholtzapple@fbm.com

Attorneys for Defendants
J. MARK EBBEN and
EBBEN ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA CLOSET COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J. MARK EBBEN, an individual; and EBBEN ENTERPRISES, INC., a Wisconsin corporation,<br><br>Defendant. | Civil Case No. C 08-0625 SI<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TRANSFER VENUE**<br><br>Date:    April 18, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 10<br>            Hon. Susan Illston |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI

23014\1522215.1

# **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | PERSONAL JURISDICTION | | 1 |
| | A. | Purposeful Direction or Availment | 1 |
| | B. | Reasonableness | 4 |
| II. | VENUE | | 5 |
| III. | MOTION TO TRANSFER VENUE | | 6 |
| IV. | CONCLUSION | | 8 |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI
- i -
23014\1522215.1

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Burger King Corp v. Rudzewicz*,
    471 U.S. 462, 105 S. Ct. 2174 (1985) .................................................................. 1, 3

*Calder v. Jones*,
    465 U.S. 783, 104 S. Ct. 1482 (1984) .................................................................. 3, 4

*Cooper v. Moloko*,
    512 F. Supp. 563 (N.D. Cal 1981) ............................................................................ 5

*Cutter v. Scott & Fetzer Co.*,
    510 F. Supp. 905 (E.D. Wis. 1981) .......................................................................... 7

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .................................................................................. 3

*Indianapolis Colts, Inc. et al v. Metropolitan Baltimore Football Club Ltd.
    Partnership*,
    34 F.3d 410 (7th Cir. 1994) ...................................................................................... 4

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*,
    2007 WL 4532214 (N.D. Cal. Dec. 19, 2007) ......................................................... 6

*McDonald Licensee Protype Welfare Plan v. Boldt, Inc.*,
    60 F. Supp. 2d 785 (N.D. Illinois 1999) ................................................................... 5

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) .................................................................................... 6

*Panavision International, L.P v. Toeppen*,
    141 F.3d 1316 (9th Cir.1998) ................................................................................... 4

*Peterson v. Kennedy*,
    771 F.2d 1244 (9th Cir. 1985) .................................................................................. 2

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007, 1019 (9th Cir. 2002) ........................................................................ 4

*Shropshire v. Fred Rappaport Co.*,
    294 F. Supp. 2d 1085 (N.D. Cal 2003) ..................................................................... 6

*Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*,
    614 F.2d 1247 (9th Cir. 1980) .................................................................................. 2

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................ 8

//

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI

- ii -

23014\1522215.1

**STATE STATUTES**

Wis. Stat. § 135.023(a) .................................................................................................................. 7

Wis. Stat. § 135.025 ................................................................................................................. 6, 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI   - iii -   23014\1522215.1

In response to Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Dismiss for Improper Venue, or in the alternative, Transfer Venue Defendants, J. Mark Ebben and Ebben Enterprises, Inc., hereby reaffirm and reassert their arguments as set forth in Defendants Memorandum of Points and Authorities in Support of Defendants' Notice & Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, or in the alternative, Transfer Venue.  In addition, defendants reply to specific issues within Plaintiff's Opposition as follows.

## I.   PERSONAL JURISDICTION

### A.   Purposeful Direction or Availment

Plaintiff makes essentially two arguments to support its contention that defendants have purposefully availed themselves to jurisdiction in California.  First, plaintiff contends that the franchise agreement constitutes continuing obligations because of the nature of the contractual provision.  Second, plaintiff asserts that defendants committed an intentional tort directed at California.  Each of plaintiff's theories is misapplied in the context of specific personal jurisdiction as to defendants.

First, with respect to plaintiff's contract theory.  In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174 (1985), the Supreme Court was cautious and forewarned that just because there was a franchise agreement, that did not automatically establish personal jurisdiction.  "We do not mean to suggest that the jurisdictional outcome will always be the same in franchise cases.  Some franchises may be primarily intrastate in character or involve different decision making structures, such that a franchisee should not reasonably anticipate out-of-state litigation.  Moreover, commentators have argued that franchise relationships may sometimes involve unfair business practices in their inception and operation.  For these reasons we reject Burger King's suggestion for 'a general rule or at least a presumption, that participation in franchise relationships' represents consent to jurisdiction of the franchisor's principal place of business." *Id.* at 485 n.28.

Plaintiff here simply makes a general conclusionary allegation that since there is a franchise agreement, personal jurisdiction is therefore established.  This type of analysis is

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI                - 1 -                23014\1522215.1

exactly what the *Burger King* Court cautioned against as noted above. It is the nature of the continuing obligations that are relevant to this part of the analysis. In this case, the only function that was conducted with California Closets' home office was a reporting requirement in order to calculate royalty fees. Communications by mail or telephone, however, are not sufficient to establish personal jurisdiction. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985); *see also Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1252 (9th Cir. 1980). Further, there was very little interaction between plaintiff and defendants. During the franchise period of 1991 to 2007, plaintiff visited defendants only four times. (Paragraph 2 of 4/4/08 Affidavit J. Mark Ebben)

The franchise agreement involved in this action is unlike the franchise agreements in *Burger King*, *Wiener King Sys*, and *Quality Inns*. *Burger King* involved the franchise of a restaurant with constant monitoring by the home office. *Weiner King Sys*. involved the approval of outlet sites, equipment and the floor plans and *Quality Inns* involved a hotel. All these cases involved the continued operation and monitoring of physical locations, establishing standards at those locations and constant auditing of qualities and standards by the franchisor. The facts in *Burger King*, *Weiner King Sys*, and *Quality Inns* are thus distinguishable from this case. Here, defendants were not required to have a show room because defendants' franchise was considered a "mini franchise." (Paragraph 7 of 4/4/08 Affidavit of J. Mark Ebben) There was very little monitoring on the quality standards of the products that were sold by defendants to their customers in the authorized territories. (Paragraph 3 of 4/4/08 Affidavit of J. Mark Ebben)

Indeed, the recital section of the Franchise Agreement discusses what is available to the franchisee. In particular the document states:

> As part of the Franchise System, Franchisor provides certain services to its Franchisees including use of Franchisor's contractor license (California only) and/or assistance in obtaining a contractor's or specialty license, site selection, equipment and inventory purchase selection, merchandising, advertising, sales and promotional, techniques, personnel training, use of Franchisor's name and logo and other services related to the efficient and successful operation of the custom closet business and the maintenance of high standards of quality. ***If such services are desired and requested by Franchisee***.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI   - 2 -    23014\1522215.1

(Emphasis added.)

This language clearly indicates that a closely supervised and regulated arrangement between Franchisor and Franchisee is optional. Here, defendants did not opt for such a relationship. Defendants used the name and paid royalties for the use of that name. (Paragraph 7 of 4/4/08 Affidavit of J. Mark Ebben) This is not the type of arrangement that existed in *Burger King*. As the Court specifically noted, in that case were **wide reaching contacts**. *Burger King*, 471 U.S. at 480. By contrast, the Franchise Agreement here does nothing more than ensure that the Franchisee adequately reports royalties and in the event that the Franchisee sells its business, that sale meets the approval of the Franchisor. Although defendants may have submitted orders for products to plaintiff, the products in fact were shipped from distribution centers located on the West Coast and in the Midwest as well as directly from vendors. (Paragraph 4 of 4/4/08 Affidavit of J. Mark Ebben) The order process is a feature to ensure that the Franchisor collects royalties. Further, the sale of the franchise has more in rem jurisdiction aspects to it because the agreement is about protecting territory and the Franchisor having control over that territory. This arrangement, their "***actual course of dealing***" (emphasis added) as provided in *Burger King* is not the type of contact that meets the purposeful availment, fair play, and substantial justice aspects to personal jurisdiction. In other words, when defendants are simply making royalty payments for the use of the name it ***is not reasonable for defendants to anticipate being hauled into California court***.

The second theory asserted by plaintiff is that defendants committed an intentional tort that had effects felt in California. Plaintiff both misapplies the "effects test" under the circumstances in this case and mischaracterizes the conclusions of the cases that it relies on, each of which is readily distinguished from this case. *Calder v. Jones*, 465 U.S 783, 104 S.Ct. 1482 (1984) involved a defamation case in which defendant published a defamatory article that had circulation in California. *Id*. at 784. The article involved a California actor, and relied on California sources. *Id*. at 788-89. Further, the substance of the article indicated that plaintiff would be devastated by its publication. *Id*. at 790. *Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002), arose from a fraudulent scheme that involved the inducement of residents of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI   - 3 -   23014\1522215.1

California. *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir.1998) involved Toeppen registering Panavision's trademarks as his domain name and requesting that Panavision pay him money for ownership of the names. *Id*. at 1321. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410 (7th Cir. 1994), involved a case where the Indianapolis Colts where claiming that the Canadian football league infringed on their name. The court in *Indianapolis* concluded the effects test applied because the Indianapolis Colts resided in Indiana and the Canadian football league broadcast reached the Indianapolis market. *Id*. at 411. These cases all have one central theme. There was a substantive act in addition to the alleged violation that created the effect in the forum state. Indeed, in *Panavision*, the court noted that "simply registering someone else's trademark as a domain name and posting a website on the internet is not sufficient to subject a party domiciled in another state to jurisdiction in another" state. *Panavision*, 141 F.3d at 1322.

Here, by contrast, plaintiff makes only a conclusionary allegation that plaintiff was affected in the forum state. Plaintiff's conclusory allegation fails to carry its burden to establish from the evidence submitted that there are facts that establish an effect in California. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (plaintiff bears the burden of proof on the necessary jurisdictional contacts). All plaintiff does is state that an alleged trademark violation occurred and therefore there has been an effect in California. This is a conclusion. Plaintiff fails to demonstrate that any actual effects have been felt in California. For example, plaintiff offers no evidence – or even any allegation – that any of consumer in California has been affected or that the market in California is in any way affected by defendants' purported wrongs. This case involves dilution and confusion and therefore, plaintiff needs to establish that the California market is affected by the defendants' conduct. It fails to do this.

Lastly, plaintiff purports to sue The Closet Works, LLC through defendants for alleged dilution and confusion. As explained in defendants' initial brief, The Closet Works, LLC conducts all business in the state of Wisconsin and no one involved with The Closet Works, LLC has any contact with the state of California. (¶ 8 of 4/4/08 Affidavit of J. Mark Ebben)

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI             - 4 -                                    23014\1522215.1

**B.    Reasonableness**

Since many of the arguments are duplicative as to the reasonable aspect, defendants reassert the arguments made in their initial brief here. Defendants also offer the following additional comments. Again, plaintiff's argument is conclusionary. It fails to provide any facts that establish what the allegedly substantial contacts are other than paying royalties and ensuring that the royalties are adequately reported. Further, it is doubtful that a half million dollars gross a year is a substantial amount of money for a business when there are other smaller businesses grossing millions of dollars. That issue is a matter of perspective.

Next, California's interest in this dispute is minimal because this is a private contract. Wisconsin, however, has a more significant interest because of the Wisconsin Fair Dealership Act discussed below. In the final analysis as to the reasonableness issue the question is simply this: Is it reasonable in the context of these facts to have this small business whose only contact with California is that it sends its royalty checks to California for use of the trademark defend this litigation in California when all of the witnesses, evidence and circumstances related to the law suit occurred in Wisconsin? Defendants respectfully submit that this is not reasonable.

**II.    VENUE**

Plaintiff again simply makes conclusionary statements and does not provide any facts to establish that any activities occurred in California to constitute a substantial portion of the activities. Plaintiff argues that its contract claims are based on activities that occurred in California because payments are made to California and those owed are a substantial portion of the activities. However, plaintiff has not pled that the breach of the contract is the result of nonpayment. Further, it is a misstatement that defendants would not permit a full audit of the defendants' business as to the California Closet business. Plaintiff has requested an audit of ***Closet Works***, a separate business with different ownership, and at all times the California Closet business was open for audit. (¶ 7 4/408 Affidavit of J. Mark Ebben)

Plaintiff again cites several cases in support of its argument. Again, however, each of these cases is clearly distinguished from this case. In *Cooper v. Moloko*, 512 F. Supp. 563 (N.D. Cal 1981), Cooper was kidnapped in Oakland and brought to a hotel in San Francisco to be

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI    - 5 -    23014\1522215.1

1  reprogrammed; Cooper's parents then attempted to take him back to Illinois. It is not hard to see
2  under these facts how a substantial portion of the activities occurred in California such that the
3  change of venue motion was denied. *Id*. at 565. In *McDonald Licensee Protype Welfare Plan v.*
4  *Boldt, Inc*., 60 F. Supp. 2d 785 (N.D. Ill. 1999), the case involved misrepresentations that were
5  sent to the forum state regarding the status of an employee and the employee's eligibility for an
6  ERISA plan. *Id*. at 787. In *Shropshire v. Fred Rappaport Co*., 294 F. Supp. 2d 1085 (N.D. Cal
7  2003) the pleadings contained several allegations that activities occurred in the venue. *Id*. at
8  1094. In *Jonathan Browning, Inc. v. Venetian Casino Resort*, LLC, 2007 WL 4532214 (N.D.
9  Cal. Dec. 19, 2007) inventory was actually produced in the Northern District of California that
10 was the subject of the law suit. *Id*. at *6. To summarize, all the cases cited by plaintiff involved
11 actual activities that occurred in the forum. Here, plaintiff relies on the fact that payments were
12 made in the forum state; but plaintiff ignores that its pleadings do not contain any allegations that
13 defendants are in default for nonpayment.

## III. MOTION TO TRANSFER VENUE

15 Plaintiff argues that where the franchise agreement was signed is the only factor relevant
16 as to its execution. Again, another conclusionary allegation that ignores the substance of the
17 transaction. The factor to be considered is the location where the relevant agreements were
18 negotiated and executed. *McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 816 (9th Cir. 1988). It is
19 undisputed that as to Mr. Ebben, this agreement was negotiated in Wisconsin. The document
20 may contain adhesion language stated that it was executed in California but plaintiff fails to
21 provide any facts that this agreement, either at the time the Damrau's executed it or when it was
22 transferred to Mr. Ebben, was executed in California. Instead, plaintiff relies solely on the
23 adhesionary language and unsubstantiated facts. In fact, this factor should weigh in favor of
24 defendants because the facts provided establish that, as to Mr. Ebben, this agreement was
25 negotiated in Wisconsin. (¶ 6 4/4/08 Affidavit of J. Mark Ebben)
26 Also, the argument that California state law applies as a factor in favor of the plaintiff is
27 also mitigated. The choice of law provision is a violation of the Wisconsin Fair Dealership Act
28 (Chapter 135 of Wisconsin Statutes).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI    - 6 -    23014\1522215.1

135.025 Purposes; rules of construction; variation by contract.

135.025(1)

(**1**) This chapter shall be liberally construed and applied to promote its underlying remedial purposes and policies.

135.025(2)
(**2**) The underlying purposes and policies of this chapter are:

135.025(2)(a)
(a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;

135.025(2)(b)
(b) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;

135.025(2)(c)
(c) To provide dealers with rights and remedies in addition to those existing by contract or common law;

135.025(2)(d)
(d) To govern all dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States.

135.025(3)
(**3**) The effect of this chapter may not be varied by contract or agreement. Any contract or agreement purporting to do so is void and unenforceable to that extent only.

Wisconsin has a strong policy of favoring its franchisees. The case law provides that these shields (choice of law provisions) are not enforceable. *See Cutter v. Scott & Fetzer Co.*, 510 F. Supp. 905 (E.D. Wis. 1981). This case would be subject to the Wisconsin Fair Dealership Act because the agreement or contract between the parities meets the requirements as defined in Wis. Stat. § 135.023(a) which states:

> (a) A contract or agreement either express or implied, whether oral or written, between 2 or more persons, by which a person is granted the right to sell or distribute goods or services, or use a tradename, trademark, service mark, logotype, advertising or other commercial symbol, in which there is a community of interest in the business offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.

In addition, as noted above, a claim for breach of contract is largely a private matter and a state does not have an overwhelming interest in that litigation.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI         - 7 -                                 23014\1522215.1

One final issue to address is the Affidavit by William G. Barton provided with the Objection filed by the plaintiff that contains reference to a franchise agreement from a business that has been liquidated and is non-operational. (¶ 8 4/4/08 Affidavit of J. Mark Ebben) Since it is liquidated and non-operational at the time of this law suit it is completely irrelevant as to any issues in this motion for change of venue, Defendants, therefore, ask the Court to strike that agreement from the records as defendants object to its admission and consideration.

## IV. CONCLUSION

WHEREFORE, defendants pray that this Court dismiss plaintiff's claims against defendants under Rule 12(b)(2), 12(b)(3) or 12(b)(6), or, alternatively, transfer this action to the United States District Court for the Eastern district of Wisconsin under 28 U.S.C. § 1404(a).

Dated: April 4, 2008                    FARELLA BRAUN & MARTEL LLP


By:     /s/ Robert C. Holtzapple
        Robert C. Holtzapple

Attorneys for Defendants
J. MARK EBBEN and
EBBEN ENTERPRISES, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY RE MTN TO DISMISS FOR LACK OF
PERSONAL JURISDICTION/ Case No. C 08-0625 SI         - 8 -                    23014\1522215.1