Robert C. Holtzapple (State Bar No. 145954)
Kelly A. Woodruff (State Bar No. 160235)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
email: kwoodruff@fbm.com

Andrew Wagener (to be admitted *pro hac vice*)
Bollenbeck, Wagener, Spaude & Fyfe, S.C.
W6260 Communication Court
Appleton, WI 54914
Telephone: (920) 735-1711
Facsimile: (920) 735-1710
email: awagener@bwsf.biz

Attorneys for Defendants
J. MARK EBBEN and
EBBEN ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA CLOSET COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J. MARK EBBEN, an individual; and EBBEN ENTERPRISES, INC., a Wisconsin corporation,<br><br>Defendants. | Civil Case No. C 08-0625 SI<br><br>**DEFENDANTS J. MARK EBBEN'S AND EBBEN ENTERPRISES, INC.'S ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Defendants J. Mark Ebben and Ebben Enterprises, Inc. ("EEI") hereby answer the Complaint of California Closet Company, Inc. ("CCC") filed January 28, 2008, by admitting, denying, and alleging as follows:

## NATURE OF ACTION

1.   Paragraph 1 of the Complaint contains legal conclusions and CCC's description of the action, to which Defendants need not respond. To the extent a response is necessary,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 1 -

23014\1562981.2

Defendants admit that CCC's Complaint purports to allege claims arising under a written franchise agreement, but denies that there is any legal or factual basis for any such claims.

## THE PARTIES

2. Responding to paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

3. Responding to paragraph 3 of the Complaint, Defendants admit the allegations of this paragraph.

4. Responding to paragraph 4 of the Complaint, Defendants admit the allegations of this paragraph.

## JURISDICTION AND VENUE

5. Responding to paragraph 5 of the Complaint, Defendants deny that CCC has suffered damages in the sum or value of or exceeding $75,000; Defendants therefore deny that this Court has jurisdiction over CCC's purported claims based on diversity of citizenship. Defendants further deny that any of CCC's claims arise under the laws of the United States; rather, all of CCC's purported claims arise out of a written Franchise Agreement governed by Wisconsin law. Defendants' therefore also deny that this Court has federal question jurisdiction over CCC's complaint.

6. Responding to paragraph 6 of the Complaint, Defendants deny that venue is proper in this Court.

## INTRADISTRICT ASSIGNMENT

7. Responding to paragraph 7 of the Complaint, Defendants deny that assignment to the San Francisco Division of this Court is proper.

## THE CALIFORNIA CLOSETS MARKS

8. Responding to paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI
- 2 -
23014\1562981.2

9. Responding to paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

10. Responding to paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

11. Responding to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

12. Responding to paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

13. Responding to paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

14. Responding to paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

## THE PARTIES' FRANCHISE AGREEMENT

15. Responding to paragraph 15 of the Complaint, Defendants admit CCC and James and Sally Damrau entered into the Franchise Agreement on or about May 13, 1987, pursuant to which the Damraus were authorized and licensed to operate a California Closets business within an exclusive territory in Appleton, Wisconsin (the "CC Franchise"), and were granted a license to use CCC's trademarks in connection with the CC Franchise. Except as expressly admitted, Defendants deny the allegations in this paragraph, and specifically deny that Exhibit A of the Complaint is a true and correct copy of the Franchise Agreement, in that it is incomplete.

16. Responding to paragraph 16 of the Complaint, Defendants admit the allegations of this paragraph.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI
- 3 -
23014\1562981.2

17. Responding to paragraph 17 of the Complaint, Defendants admit that EEI was formed in December 1992 and is the operating entity for the CC Franchise.

18. Responding to paragraph 18 of the Complaint, Defendants admit the allegations of this paragraph.

19. Responding to paragraph 19 of the Complaint, Defendants admit that the Franchise Agreement obligates Defendants to pay CCC a monthly royalty in an amount equal to ten percent (10%) of the CC Franchise's gross receipts, to submit monthly reports of the CC Franchise's gross revenue, to maintain the books and records of the CC Franchise in such a manner as to clearly and accurately reflect the CC Franchise's gross revenue, and to maintain the CC Franchise's books and records for period of not less than five (5) years. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

20. Responding to paragraph 20 of the Complaint, Defendants admit that the Franchise Agreement authorizes CCC to visit the CC Franchise premises for the purpose of inspecting the CC Franchise's merchandise and equipment on hand, inspecting the nature and quality of goods sold and services rendered by the CC Franchise, observing the CC Franchise's manner and method of operating the shop, and examining and auditing the CC Franchise's books and records. Defendants further admit that, pursuant to the Franchise Agreement, CCC is entitled to have the CC Franchise's books and records examined or audited at CCC's expenses, and Defendants are obligated to cooperate fully with the examination or audit of the CC Franchise's books and records. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

21. Responding to paragraph 21 of the Complaint, Defendants admit the allegations of this paragraph.

22. Responding to paragraph 22 of the Complaint, Defendants admit the allegations of this paragraph.

23. Responding to paragraph 23 of the Complaint, Defendants admit that, pursuant to the Franchise Agreement, Defendants or their duly authorized general manager or agent agreed to

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI
- 4 -
23014\1562981.2

devote their full time and effort to the active management and operation of Defendants' business. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

24. Responding to paragraph 24 of the Complaint, Defendants admit that they acknowledged by the Franchise Agreement that the design and appearance of both the exterior and interior of the shop building are part of CCC's indicia, that it is essential to the integrity of such indicia that as great degree of uniformity as possible be maintained among the various shop premises of CCC's franchisees, and that Defendants would make no change, addition, or alteration of any kind to the structural elements of the shop building or to the adjacent areas without CCC's prior written consent. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

25. Responding to paragraph 25 of the Complaint, Defendants admit that the Franchise Agreement provides that it shall be governed by California law, but deny that California law governs the Franchise Agreement and all matters relating to its validity, construction, performance, and enforcement. Rather, the Wisconsin Fair Dealership Law, Ch. 135, Wis. Stats., applies to all franchises operated in the State of Wisconsin and expressly supersedes any provisions contained in a franchise or license agreement that are inconsistent with that law. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph, and specifically deny that CCC has at all times fully performed all of its obligations under the Franchise Agreement.

## DEFENDANTS' "CLOSET WORKS" BUSINESS

26. Responding to paragraph 26 of the Complaint, Defendant Ebben admits that he is a member of Closet Works LLC. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

27. Responding to paragraph 27 of the Complaint, Defendants deny the allegations in this paragraph.

28. Responding to paragraph 28 of the Complaint, Defendants deny the allegations in this paragraph.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI                - 5 -                                    23014\1562981.2

## DEFENDANTS REFUSE TO ALLOW CCC TO PERFORM A FULL AUDIT

29. Responding to paragraph 29 of the Complaint, Defendants admit that in or about November 2007, CCC requested that it be permitted to audit and inspect all of Defendants' books and records, not just those of the CC Franchise. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph, and specifically deny that CCC has the right under the Franchise Agreement to audit or inspect any of Defendants' books and records other than those for the CC Franchise.

30. Responding to paragraph 30 of the Complaint, Defendant Ebben admits that he has refused to allow CCC to audit the books and records of Closet Works LLC. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
### Specific Performance

31. Responding to paragraph 31 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 30, respectively, and incorporate those answers herein by reference.

32. Responding to paragraph 32 of the Complaint, Defendants admit that the Franchise Agreement is a valid, binding and enforceable contract. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph, and specifically deny that CCC has complied with all of the terms of that agreement.

33. Responding to paragraph 33 of the Complaint, Defendants admit that the Franchise Agreement gives CCC the right, at reasonable times, to examine and audit the CC Franchise's books and records. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

34. Responding to paragraph 34 of the Complaint, Defendants admit that, pursuant to the Franchise Agreement, Defendants agreed to cooperate fully with any audit or examination of the CC Franchise's books and records conducted by or on behalf of CCC. Except as otherwise expressly admitted, Defendants deny the allegations in this paragraph.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 6 -

23014\1562981.2

35. Responding to paragraph 35 of the Complaint, Defendants deny the allegations in this paragraph.

36. Responding to paragraph 36 of the Complaint, Defendants aver that the allegations of paragraph 36 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

37. Responding to paragraph 37 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 36, respectively, and incorporate those answers herein by reference.

38. Responding to paragraph 38 of the Complaint, Defendants deny the allegations in this paragraph.

39. Responding to paragraph 39 of the Complaint, Defendants deny the allegations in this paragraph.

40. Responding to paragraph 40 of the Complaint, Defendants deny the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF
### Lanham Act – Trademark Infringement

41. Responding to paragraph 41 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 40, respectively, and incorporate those answers herein by reference.

42. Responding to paragraph 42 of the Complaint, Defendants deny the allegations in this paragraph.

43. Responding to paragraph 43 of the Complaint, Defendants deny the allegations in this paragraph.

///

///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI
- 7 -
23014\1562981.2

44.  Responding to paragraph 44 of the Complaint, Defendants aver that the allegations of paragraph 44 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

45.  Responding to paragraph 45 of the Complaint, Defendants aver that the allegations of paragraph 45 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF
### Lanham Act – Unfair Competition

46.  Responding to paragraph 46 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 45, respectively, and incorporate those answers herein by reference.

47.  Responding to paragraph 47 of the Complaint, Defendants deny the allegations in this paragraph.

48.  Responding to paragraph 48 of the Complaint, Defendants deny the allegations in this paragraph.

49.  Responding to paragraph 49 of the Complaint, Defendants aver that the allegations of paragraph 49 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

50.  Responding to paragraph 50 of the Complaint, Defendants aver that the allegations of paragraph 50 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## FIFTH CLAIM FOR RELIEF
### State Statutory Unfair Competition
### (Cal. Bus. & Prof. Code § 17200

51.  Responding to paragraph 51 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 50, respectively, and incorporate those answers herein by reference.

///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 8 -

23014\1562981.2

52. Responding to paragraph 52 of the Complaint, Defendants deny the allegations in this paragraph.

53. Responding to paragraph 53 of the Complaint, Defendants deny the allegations in this paragraph.

54. Responding to paragraph 54 of the Complaint, Defendants deny the allegations in this paragraph.

55. Responding to paragraph 55 of the Complaint, Defendants aver that the allegations of paragraph 55 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

56. Responding to paragraph 56 of the Complaint, Defendants deny the allegations in this paragraph.

### SIXTH CLAIM FOR RELIEF
**Trademark Infringement and Unfair Competition
Under California State Common Law**

57. Responding to paragraph 57 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 56, respectively, and incorporate those answers herein by reference.

58. Responding to paragraph 58 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

59. Responding to paragraph 59 of the Complaint, Defendants deny the allegations in this paragraph.

60. Responding to paragraph 60 of the Complaint, Defendants aver that the allegations of paragraph 60 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

61. Responding to paragraph 61 of the Complaint, Defendants deny the allegations in this paragraph.

///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI          - 9 -          23014\1562981.2

## SEVENTH CLAIM FOR RELIEF
### Statutory State Trademark Dilution
### (Cal. Bus. & Prof. Code § 14330)

62. Responding to paragraph 62 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 61, respectively, and incorporate those answers herein by reference.

63. Responding to paragraph 63 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

64. Responding to paragraph 64 of the Complaint, Defendants deny the allegations in this paragraph.

65. Responding to paragraph 65 of the Complaint, Defendants aver that the allegations of paragraph 65 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## EIGHTH CLAIM FOR RELIEF
### Accounting

66. Responding to paragraph 66 of the Complaint, Defendants restate the answers contained in paragraphs 1 through 65, respectively, and incorporate those answers herein by reference.

67. Responding to paragraph 67 of the Complaint, Defendants aver that the allegations of paragraph 67 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

68. Responding to paragraph 68 of the Complaint, Defendants aver that the allegations of paragraph 68 call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

69. Responding to paragraph 69 of the Complaint, Defendants deny the allegations in this paragraph.

///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 10 -

23014\1562981.2

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to CCC's alleged claims for relief, Defendants allege as follows:

### First Affirmative Defense

This Court lacks subject matter jurisdiction over the claims asserted by CCC in its Complaint.

### Second Affirmative Defense

Neither of the Defendants is subject to general or specific personal jurisdiction in California, and Defendants do not consent to this Court's exercise of jurisdiction over them.

### Third Affirmative Defense

Venue is not proper in the Northern District of California because none of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Instead, a substantial part of the events giving rising to the claims asserted in this action occurred in the Eastern District of Wisconsin, the Franchise Agreement was negotiated and executed in Wisconsin, the Wisconsin Fair Dealership Law provides the controlling law with respect to the terms, interpretation and enforceability of the Franchise Agreement, and the majority of the evidence is located in Wisconsin.

### Fourth Affirmative Defense

CCC's claims for relief fail, in whole or in part, to state facts sufficient to constitute a claim upon which relief can be granted against Defendants.

### Fifth Affirmative Defense

The Complaint has failed to join all necessary and dispensable parties to this action.

### Sixth Affirmative Defense

The Complaint, and each claim for relief purportedly stated therein, is barred by the doctrine of waiver, acquiescence or estoppel.

### Seventh Affirmative Defense

The Complaint, and each claim for relief purportedly stated therein, is barred by the doctrines of unclean hands and laches.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 11 -

23014\1562981.2

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint be dismissed with prejudice in its entirety against Defendants;

3. That Defendants be awarded reasonable attorneys' fees, expenses and costs of suit; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendants J. Mark Ebben and Ebben Enterprises, Inc. demand a trial by Jury.

Dated: April 29, 2008                                   FARELLA BRAUN & MARTEL LLP


By: /s/ *Kelly A. Woodruff*
Kelly A. Woodruff

Attorneys for Defendants
J. MARK EBBEN and EBBEN
ENTERPRISES, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER
Case No. C 08-0625 SI

- 12 -

23014\1562981.2