DLA PIPER US LLP
JEFFREY HAMERLING (State Bar No. 91532)
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
jeffrey.hamerling@dlapiper.com
Phone: 415.836.2500
Fax: 415.836.2501

DLA PIPER US LLP
NORMAN M. LEON (admitted pro hac vice)
JOHN A. HUGHES (admitted pro hac vice)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
norman.leon@dlapiper.com
john.hughes@dlapiper.com
Phone: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
CALIFORNIA CLOSET COMPANY, INC.

FARELLA BRAUN + MARTEL LLP
KELLY A. WOODRUFF (State Bar. No. 160235)
235 Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 954-4403
kwoodruff@fbm.com

BOLLENBECK WAGENER SPAUDE & FYFE, S.C.
NICHOLAS A. WAGENER (admitted pro hac vice)
W6260 Communication Court
Appleton, WI 54914
Phone: 920.735.1711
wagener@bwsf.biz

Attorneys for Defendants
J. MARK EBBEN AND EBBEN ENTERPRISES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA CLOSET COMPANY, INC., a California corporation, <br><br>    Plaintiff, <br><br> v. <br><br> J. MARK EBBEN, an individual, and EBBEN ENTERPRISES, INC., a Wisconsin corporation, <br><br>    Defendants. | CASE NO. CV 08-0625 SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: May 14, 2008 <br> Hearing Time: 2:00 p.m. <br> Hearing Place: Courtroom 10, 19th Floor |

The parties to the above-entitled action hereby submit this Joint Case Management Statement and request the Court adopt it as its Case Management Order in this case:

1. **Jurisdiction and Service**

Plaintiff contends that this Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338 and 1367, in that this is a civil action (i) involving citizens of different states (California and Wisconsin) and the amount in controversy exceeds $75,000, and (ii) concerning claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

Defendants contend that this Court lacks subject matter jurisdiction over this action in that (i) the amount in controversy does not exceed $75,000, and therefore, there is no diversity jurisdiction; and (ii) Plaintiff has failed to state a claim against the named Defendants arising under the laws of the United States.

This Court denied Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this matter on April 15, 2008. Defendants continue to object to this Court's assertion of personal jurisdiction over them, and assert that they are not subject to personal jurisdiction in courts in the State of California. Defendants further continue to object that venue is proper in the Northern District of California, because none of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Instead, Defendants contend that a substantial part of the events giving rising to the claims asserted in this action occurred in the Eastern District of Wisconsin, the Franchise Agreement was negotiated and executed in Wisconsin, the Wisconsin Fair Dealership Law provides the controlling law with respect to the terms, interpretation and enforceability of the Franchise Agreement, and the majority of the evidence is located in Wisconsin.

No parties remain to be served.

## 2. Facts

### a. Plaintiff's Contentions:

Defendants are current franchisees of Plaintiff. Despite their express obligations under the Franchise Agreement to devote their full time and effort to the active management and operation of their franchised California Closets business and to only use Plaintiff's trademarks in connection with the conduct of the franchised business, Defendants are operating a competitive business named "Closet Works" at the very same location as their authorized California Closets franchised business and are using Plaintiff's trademarks in connection with the operation of their "Closet Works" business. In particular, Defendants are using Plaintiff's trademarks to attract customers to their franchised California Closets business, and are then selling those customers Closet Works' competitive products and services in an attempt to avoid paying royalty fees on the sales of those products and services to Plaintiff. However, Closet Works' products are not the only competitive products that Defendants are selling. Defendants are also selling through their "Closet Works" business wire shelving manufactured by Rubbermaid.

Defendants are also misusing Plaintiff's trademarks. In addition to displaying the "Closet Works" logo on Defendants' California Closets work vans, Defendants are also displaying the Rubbermaid logo on their California Closets work vans, thereby wrongfully associating Plaintiff's trademarks with Rubbermaid, a competitor of Plaintiff.

In November 2007, in an attempt to ascertain how much money was being improperly diverted to these competitive concepts, Plaintiff invoked its express right under the Franchise Agreement to perform a full audit of Defendants' financial books and records. Defendants, however, have refused to allow Plaintiff to audit all of the books and records relating to Defendants' closets business. Plaintiff filed its complaint on January 28, 2008 asserting claims against Defendants for specific performance, breach of contract, trademark infringement and

unfair competition under the Lanham Act, unfair competition under Cal. Bus. & Prof. Code § 17200, trademark infringement and unfair competition under California common law, trademark dilution under Cal. Bus. & Prof. Code § 14330, and for an accounting.

### b. **Defendants' Contentions:**

Defendants J. Mark Ebben ("Ebben") and Ebben Enterprises, Inc. ("EEI") are licensed franchisees of Plaintiff California Closets, Inc., and operate a mini-franchise in Appleton, Wisconsin. Ebben also owns 50% of a company called Closet Works, LLC. EEI has no ownership interest in Closet Works, and the two companies are entirely separate entities.

Through their California Closets franchise, Defendants sell high-end wood shelving systems for large closets (14" or deeper), along with associated accessories, under the California Closets name. Because Defendants are licensed to operate a "mini" California Closets franchise, they are not obligated to maintain a showroom for their California Closets products and services. In approximately 2000, California Closets discontinued offering wire shelving products through their franchisees. Subsequently, in 2001, Closet Works, LLC began selling Lee Rowan Industries products, which are wire or 12" wood shelving without any accessories. Closet Works' displays are separate and distinct from the California Closets products. The Closet Works products are clearly labeled as such and do not display any California Closets trademarks or indicia.

In November 2007, Plaintiff scheduled a site visit of Defendants' California Closets mini-franchise. At that time, Plaintiff invoked its right under the Franchise Agreement, to audit the franchisee's books and records. Defendants offered their full cooperation with such audit. Plaintiff, however, also insisted on examining and auditing the books and records of Closet Works, LLC, which is not a franchisee of Plaintiff, has no contractual relationship with Plaintiff and is a separate, unrelated entity to Ebben Enterprises, Inc. Closet Works, LLC would not allow Plaintiff access to its books and records.

In January 2008, Plaintiff brought this action against Ebben and EEI, alleging breach of the Franchise Agreement and trademark infringement, dilution and unfair competition. With respect to the breach of contract claims, Plaintiff fails to allege – nor could it allege – that it has any contractual right to examine and audit Closet Works, LLC's books and records. With regard to the trademark and unfair competition claims, Plaintiff fails to allege – nor could it allege – that Defendants have improperly used any of California Closets' trademarks or indicia. Notably, Plaintiff has not named Closet Works, LLC as a defendant.

Finally, Defendants contend that this Court lacks personal jurisdiction over them, and that any orders or judgments issued against them by this Court will not be valid.

### 3. Legal Issues

Plaintiff contends that the principal legal issues are:

a. Whether an order should be entered requiring Defendants to submit to an audit of all of their financial books and records relating to their closets business.

b. Whether Defendants' conduct constitutes breaches of the Franchise Agreement.

c. Whether Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), and/or unfair competition under Cal. Bus. & Prof. Code § 17220.

d. Whether Defendants' conduct constitutes California common law trademark infringement and/or unfair competition.

e. Whether Defendants' conduct constitutes trademark dilution under Cal. Bus. & Prof. Code § 14330.

f. Whether Plaintiff is entitled to an accounting.

Defendants contend that the principal legal issues are:

a. Whether this Court has personal jurisdiction over Defendants.

DLA PIPER US LLP
SAN FRANCISCO

23014\1576235.1

b. Whether this Court has subject matter jurisdiction over this action.

c. Whether Plaintiff's Complaint must be dismissed for failure to state a claim.

d. Whether Plaintiff's Complaint must be dismissed for failure to join an indispensable party.

**4.   Motions**

Defendants filed their motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this matter on March 3, 2008. This Court denied Defendants' motion on April 15, 2008. There are no pending motions. Plaintiff anticipates filing a motion for summary judgment. Defendants anticipate filing a motion for judgment on the pleadings or for summary judgment.

**5.   Amendment of Pleadings**

The parties do not presently anticipate any amendments to the pleadings. Plaintiff proposes that the deadline to amend pleadings be October 3, 2008. Defendants propose that the deadline to amend pleadings be September 5, 2008.

**6.   Evidence Preservation**

The parties have been advised by their respective counsel to preserve documentary and electronic evidence relevant to the issues in this action.

**7.   Disclosures**

The parties will serve their Rule 26(a) initial disclosures on or before May 28, 2008.

**8.   Discovery**

No discovery has been taken to date. The parties do not propose any modifications or limitations to discovery rules.

DLA PIPER US LLP
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

23014\1576235.1

The parties will serve their Rule 26(a) initial disclosures on or before May 28, 2008.

The parties propose that fact discovery be completed by December 19, 2008, and that expert discovery be completed by April 10, 2009.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

There are no related cases.

### 11. Relief

As set forth in Plaintiff's complaint, Plaintiff seeks (a) an order directing Defendants to comply with the express terms of the written Franchise Agreement, including, but not limited to, their obligation to permit a full audit of their financial books and records; (b) an order enjoining Defendants' wrongful and unlawful use of Plaintiff's federally registered trademarks and unfair competition; (c) damages for Defendants' infringing and other wrongful conduct; (d) the attorneys' fees and costs Plaintiff has incurred and will incur in prosecuting this action, as provided by statute and the parties' written Franchise Agreement; and (e) an accounting. Plaintiff's investigation into the precise amount of damages it has suffered, and continues to suffer, continues.

Defendants contend that in the unlikely event Plaintiff can establish liability, damages are substantially less than $75,000, depriving this Court of subject matter jurisdiction.

### 12. Settlement and ADR

The parties have not discussed settlement. The parties have met and conferred, and submitted a Stipulation and [Proposed] Order to participate in court sponsored mediation pursuant to ADR Local Rule 6-2. Plaintiff filed its ADR Certification pursuant to ADR Local Rule 3-5 on April 22, 2008, and Defendants filed their ADR Certification on May 5, 2008. On April 23,

2008, the Court referred the case to mediation, to be completed within 60 days. The Court's ADR Unit has not yet appointed a mediator pursuant to ADR Local Rule 6-3(a).

### 13. Consent To Magistrate For All Purposes

The parties respectfully do not consent to have this matter referred to a United States Magistrate Judge for all purposes.

### 14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing Of Issues

The parties do not presently anticipate that there are issues that can be narrowed by agreement, motion, or through stipulated facts. The parties do not presently anticipate a need for bifurcation.

### 16. Expedited Schedule

The parties do not believe this case is suitable to handling on an expedited basis.

### 17. Scheduling

| | | |
|---|---|---|
| a. | Deadline for Completion of Fact Discovery: | December 19, 2008 |
| b. | Deadline for Designating Experts: | February 6, 2009 |
| c. | Deadline for Designating Rebuttal Experts: | March 13, 2009 |
| d. | Expert Discovery Cutoff: | April 10, 2009 |
| e. | Deadline for Filing Dispositive Motions: | May 22, 2009 |
| f. | Pretrial Conference: | July 2009 |
| g. | Trial: | July 2009 |

### 18. Trial

Defendants have demanded a jury trial for all matters that can be tried to a jury. Plaintiff expects the trial will last 3-5 days. Defendants expect the trial will last 7-10 days.

### 19. Disclosure Of Non-Party Interested Entities Or Persons

**Plaintiff's Disclosure**: Plaintiff filed its Certification of Interested Entities or Persons, as required by Civil Local Rule 3-16, on April 22, 2008. As set forth in Plaintiff's Certification, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: The Closet Works LLC.

**Defendants' Disclosure**: Defendants filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1 on May 2, 2008. As set forth in Defendants' Certification, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. Closet Works LLC does not have any ownership of a legal or equitable interest, or a relationship as director, adviser or other active participant in the affairs of Defendants, and therefore has no financial or non-financial interest in any party or in the subject matter in controversy.

### 20. Other Matters

None.

[SIGNATURE PAGE FOLLOWS]

JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| Dated: May 7, 2008 | By  /s/ *Jeffrey Hamerling* <br> Jeffrey Hamerling (State Bar No. 91532) <br> jeffrey.hamerling@dlapiper.com <br> DLA Piper US LLP <br> 153 Townsend Street, Suite 800 <br> San Francisco, CA  94107-1957 <br> Phone: 415.836.2500 <br> Fax: 415.836.2501 <br><br> AND <br><br> Norman M. Leon *(admitted pro hac vice)* <br> norman.leon@dlapiper.com <br> John A. Hughes *(admitted pro hac vice)* <br> john.hughes@dlapiper.com <br> DLA Piper US LLP <br> 203 North LaSalle Street, Suite 1900 <br> Chicago, IL  60601 <br> Phone: 312.368.4000 <br> Fax: 312.236.7516 <br><br> Attorneys for Plaintiff <br> California Closet Company, Inc. |
| May 7, 2008 | By  /s/ *Kelly A. Woodruff* <br> Kelly A. Woodruff (State Bar No. 160235) <br> kwoodruff@fbm.com <br> Farella Braun + Martel LLP <br> 235 Montgomery Street, Suite 3000 <br> San Francisco, CA  94104 <br> Phone: 415.954.4400 <br> Fax: 415.954.4480 <br><br> AND <br><br> Nicholas A. Wagener *(admitted pro hac vice)* <br> wagener@bwsf.biz <br> Bollenbeck Wagener Spaude & Fyfe, S.C. <br> W6260 Communication Court <br> Appleton, WI  54914 <br> Phone: 920.735.1711 <br><br> Attorneys for Defendants <br> J. MARK EBBEN and <br> EBBEN ENTERPRISES, INC. |